[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Nov. 18, 2009
THOMAS K. KAHN
CLERK

No. 09-11437
Non-Argument Calendar

_____

D. C. Docket No. 08-14022-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LONNIE WAITE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 18, 2009)

Before DUBINA, Chief Judge, CARNES and FAY, Circuit Judges.

PER CURIAM:

Appellant Lonnie Waite appeals his 240-month sentence, imposed after he

pled guilty to three counts of transporting or shipping child pornography in violation of 18 U.S.C. § 2252(a)(1). The sentence was in excess of the applicable guideline range of 151 to 188 months' imprisonment, but was less than the government's request for 360 months. Waite raises the issue of procedural unreasonableness because he contends that the court's explanation for his sentence was insufficient. Also, Waite argues that his sentence was substantively unreasonable because the court failed to properly weigh the sentencing factors in 18 U.S.C. § 3553(a). Waite contends that a reasonable sentence would have been within the guideline range.

Sentencing decisions are reviewed on appeal for reasonableness. *Gall v. United States*, 552 U.S. 38, ___, 128 S. Ct. 586, 594, 169 L. Ed. 2d 445 (2007). A review for reasonableness requires us to apply a deferential abuse-of-discretion standard to the sentence of the district court, "whether inside, just outside, or significantly outside the Guidelines range . . . ." *Id.* at ___, 128 S. Ct. at 591. Such a review requires us to invoke the following two-step process to evaluate procedural and substantive reasonableness:

> It must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any

deviation from the Guidelines range. Assuming that the district court's sentencing decision is procedurally sound, the appellate court should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard.

*Id.* at \_\_\_, 128 S. Ct. at 597. The substantive reasonableness of a sentence is reviewed under the deferential abuse of discretion standard, considering the totality of the circumstances. *United States v. Livesay*, 525 F.3d 1081, 1091 (11th Cir. 2008).

Procedural soundness assumes that "[w]here the judge imposes a sentence outside the Guidelines, the judge will explain why he has done so." *Rita v. United States*, 551 U.S. 338, 357, 127 S. Ct. 2456, 2468, 168 L. Ed. 2d 203 (2007). A greater departure from the applicable guideline range should be "supported by a more significant justification" than a smaller departure. *Gall*, 552 U.S. at \_\_\_, 128 S. Ct. at 597. The judge's statement, however, may be brief and is to be evaluated in conjunction with the record and context of the case. *Rita*, 551 U.S. at 358-9; 127 S. Ct. at 2469. "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Id.* at 356, 127 S. Ct. at 2468.

In arriving at a substantively reasonable sentence, the district court must

3

give consideration to the sentencing factors listed in 18 U.S.C. § 3553(a). *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005). Although the court must consider the 3553(a) factors in its sentencing decision, it need not "state on the record that it has explicitly considered each of the § 3553(a) factors or . . . discuss each of [them]." *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). On appeal, this Court must determine if the sentence "fail[ed] to achieve the purposes of sentencing as stated in section 3553(a)." *Talley*, 431 F.3d at 788. "If the sentence is outside the guidelines range, this Court may consider the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008) (internal quotation marks omitted). Further, we have acknowledged that departures from the Guidelines are to be reviewed for reasonableness guided by the § 3553(a) factors. *United States v. Winingear*, 422 F.3d 1241, 1246 (11th Cir. 2005). Extraordinary circumstances are not required to justify a sentence outside the guideline range, *Livesay*, 525 F.3d at 1090, and "there is a range of reasonable sentences from which the district court may choose." *Talley*, 431 F.3d at 788. The burden of establishing that the sentence is unreasonable considering both the record and the § 3553(a) factors is on the party challenging the sentence. *Id.*

4

We conclude from the record that Waite has failed to meet his burden to show that his sentence was procedurally or substantively unreasonable. The court's statement, although brief, did set forth its reasons for sentencing Waite above the guideline range. When considered in context with the record, a reasoned basis for the decision is clear, and thus, there is no procedural error in the sentence. In light of all the evidence that was presented at sentencing and the judge's statement that he had considered the § 3553(a) factors, we conclude that the sentence is substantively reasonable. Waite has not shown that the district court abused its discretion in imposing a sentence above the Guidelines. Accordingly, we affirm Waite's sentence.

**AFFIRMED.**